IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| MICHAEL NEAL DUFF, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:06-CV-00024-MHT-VPM |
| | ) |
| GREG WARD, ET.AL, | ) |
| | ) |
|     Defendant. | ) |

## SPECIAL REPORT

COME NOW Sheriff Greg Ward and Jail Administrator Carl Rowe, Defendants in the above-styled cause, and submit their Special Report to the Court as follows:

### INTRODUCTION

Plaintiff Michael Neal Duff filed his Complaint against Greg Ward and Carl Rowe on January 11, 2006. On January 13, 2006, this Court entered an Order for Defendants[1] to file a Special Report within forty days from the date of the Order.

Plaintiff was arrested on November 23, 2005, after being indicted by a grand jury on charges of selling cocaine. (Exhibit A, Booking Sheet of Michael Duff dated November 23, 2005.) Plaintiff remains a pre-trial detainee incarcerated at the Geneva County Jail.

---

[1] Plaintiff named as a Defendant in his Complaint "Jail Administration" and was ordered by this Court to amend his complaint with the true names of "Jail Administration" by January 27, 2006. Plaintiff did not comply with this Court's order and still has not submitted an amendment to his Compliant. Thus, the Defendant designated as "Jail Administration" is due to be dismissed.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that his Constitutional rights were violated because he has to sleep on the floor, overcrowded conditions are subjecting him to sickness and major health problems and that the shower that he uses does not drain properly. (Plaintiff's Complaint, pp. 2-3.)

## DEFENDANTS' RESPONSE TO PLAINTIFF'S ALLEGATIONS

Defendants deny the allegations made against them by Plaintiff as being untrue and completely without basis in law or fact. Defendants deny that they acted, or caused anyone to act, in such a manner as to deprive the Plaintiff of any right to which he was entitled. (Exhibit B, Affidavit of Greg Ward, "Ward aff.," ¶ 4; Exhibit C, Affidavit of Carl Rowe, "Rowe aff.," ¶ 4) Defendants raise the defenses of Eleventh Amendment immunity, qualified immunity, Plaintiff's failure to meet the requirements of the Prison Litigation Reform Act, and additional defenses presented below. Defendants reserve the right to add additional defenses if any further pleading is required or allowed by the Court.

**I.    FACTS**

   **A.    Conditions of confinement claims.**

Sheriff Ward has delegated the responsibility for overseeing the day-to-day operations of the Geneva County Jail to Carl Rowe, the Jail Administrator. (Ex. B, "Ward aff.," ¶ 6.)

It is the policy of the Geneva County Sheriff's Department that persons incarcerated in the Geneva County Jail be housed in humane and sanitary conditions. On a daily basis, inmates are given cleaning materials in order that they may sanitize the living areas of their cells, under the supervision of a member of the jail staff. Inmates are also given cleaning materials to clean their toilet and shower areas on a daily basis. In addition, at any time, an inmate may request cleaning materials, and such materials are routinely provided by members of the jail staff in

response to such requests. Common areas of the jail, including hallways and catwalks, are cleaned by trusties every morning. The jail is regularly inspected for cleanliness by jail staff. (Ex. C, "Rowe aff.," ¶ 12.) The Geneva County Jail is subject to routine maintenance and repairs on a regular basis by the custodian. (Ex. C, "Rowe aff.," ¶ 11.)

All inmates, including the Plaintiff, are always provided with a mattress and a blanket for sleeping in the event that the number of inmates exceeds the number of beds at the jail. Never has the Plaintiff had to sleep on the floor without a mattress and blanket. In fact, Plaintiff is assigned two mattresses to use stacked together. As soon as a bunk becomes available in the cell block due to the release of an inmate, any inmate sleeping on mattresses on the floor may move to the bunk. There is no jail policy providing that mattresses must allow inmates to sleep 6 inches off of the floor. (Ex. C, "Rowe aff.," ¶ 13.) Blankets are laundered between inmates. In the interim, they can also be laundered upon inmate request. (Ex. C, "Rowe aff.," ¶ 14.)

The Plaintiff has access to three toilets and three sinks 24-hours a day. He also has access to a shower 24-hours a day. (Ex. C, "Rowe aff.," ¶ 15.) Often inmates will purposefully overflow the toilets by stopping the toilet up with objects such as razors or even a toilet brush and then repeatedly flushing the toilet. In such case, jail staff members will ensure that the toilets are fixed as soon as possible. (Ex. C, "Rowe aff.," ¶ 16.)

There has been a problem with water standing in the shower, as the shower drains slowly while it is being used. The Sheriff and I have had work done with regard to this issue, and are attempting to remedy the problem. However, while an inmate is showering, two inches of water, at the most, is standing in the shower. (Ex. C, "Rowe aff.," ¶ 17.)

B.     **Medical claims.**

The Geneva County, Alabama Sheriff's Department operates the Geneva County Jail pursuant to sound policies and procedures which ensure that the rights of all inmates incarcerated therein are respected. Members of the jail staff are trained both in house and at certified training programs and academies regarding all aspects of their jobs, including the administration of medical care to inmates. (Ex. C, "Rowe aff.," ¶ 5.)

It is the policy of the Geneva County, Alabama Sheriff's Department that all inmates confined in the Geneva County Jail are entitled to a level of health care comparable to that available to the citizens in the surrounding community in order that the inmates' physical and emotional well-being may be maintained. All medical care rendered to inmates in the Geneva County Jail is delivered under the direction of a licensed health care practitioner. It is departmental policy that no member of the jail staff, or any other Sheriff's Department employee, may ever summarily or arbitrarily deny an inmate's reasonable request for medical services. All judgments regarding the necessity of medical treatment are left to a licensed health care practitioner. (Ex. C, "Rowe aff.," ¶ 6.)

It is the policy of the Geneva County Sheriff's Department that all inmates incarcerated in the Geneva County Jail be allowed to request health care services at any time. Requests of an emergency nature may be made either verbally or in writing, but all requests for non-emergency care from state or county inmates must be submitted in writing. Inmates are given forms by the jailers to write out their medical request. Members of the jail staff are charged with the responsibility of accepting requests for medical treatment from inmates and taking appropriate action to see that those requests are dealt with in a prompt and appropriate manner. Inmates with non-emergency medical problems are taken to see Dr. O. D. Mitchum in Geneva, Alabama.

Inmates who have an emergency medical problem are taken to the Emergency Room for treatment. (Ex. C, "Rowe aff.," ¶ 7.)

When a member of the jail staff receives a request for medical treatment from an inmate, it is his or her responsibility to turn that request form over to the duty jailer or matron. It is then the on duty jailer or matron's responsibility to make an appointment for the inmate with an appropriate health care provider. Any doubt as to whether an actual need exists for medical treatment is resolved in favor of the inmate, with medical services being offered. All requests of an emergency nature are handled immediately. (Ex. C, "Rowe aff.," ¶ 8.)

If the Plaintiff had been in need of medical care or treatment, he would have received treatment in accordance with the policy and procedures of the Geneva County Jail. (Ex. C, "Rowe aff.," ¶ 9.) Plaintiff has not requested medical care since his November 23, 2005 arrest and incarceration at the Geneva County Jail. (Ex. C, "Rowe aff.," ¶¶ 10, 19, 20.)

  **C.** **Plaintiff's noncompliance with the grievance procedures at the Geneva County Jail.**

Internal grievance procedures at the Geneva County Detention Facility are available to all inmates. It is the policy of the Geneva County Detention Facility that inmates are permitted to submit grievances and that each grievance will be acted upon accordingly. Inmates are given an inmate grievance form upon their request to complete and return to a detention center staff member for any grievance they may have. Inmates can request a form from a jailer at any time in order to record their grievance. These forms are collected by the jailers. If the jailer cannot adequately respond to the grievance, then it is given to the Jail Administrator. It is further the policy and procedure of the Geneva County Detention Facility to place each such grievance in the inmate's file for a record of the same. (Ex. C, "Rowe aff.," ¶ 18.)

The form given to an inmate to make a medical request is the same form given to an inmate to submit a grievance. On the form there is a space for the inmate to check whether he or she is making a medical request, submitting a grievance, or submitting another type of request. (Ex. C, "Rowe aff.," ¶ 19.)

Plaintiff has been incarcerated at the Geneva County Jail numerous times. During his previous incarcerations, Plaintiff has submitted 18 inmate request forms. However, none of them concern the allegations of his Complaint. (Ex. C, "Rowe aff.," ¶ 10; Exhibit D, Inmate Request Forms.)

Upon the Jail Administrator's review of the Plaintiff's inmate file, Plaintiff has not filed a grievance in regards to the allegations made the basis of his Complaint. Had the Jail Administrator received such a grievance, he would have followed procedures and responded to the grievance accordingly. Had the Plaintiff submitted such a grievance, it would have been placed in his inmate file. (Ex. C, "Rowe aff.," ¶ 20.)

The first knowledge that the Sheriff and the Jail Administrator had of the Plaintiff's complaints and allegations was when they were served with this Court's Order to file a Special Report. At no time during his incarceration has the Plaintiff complained to them, either verbally or in writing, concerning any of the allegations raised in the Complaint. At no time during his incarceration have Defendants received a grievance from the Plaintiff, either verbally or in writing, concerning any of the allegations raised in the Complaint. To Defendants' knowledge, the Plaintiff never made any complaint to any employee at the Geneva County Jail regarding any of the allegations in his Complaint. (Ex. C, "Rowe aff.," ¶ 21; Ex. B, "Ward aff.," ¶ 6.)

## II. LAW

### A. All claims by Plaintiff against Defendants in their official capacities must fail based on Eleventh Amendment immunity and because they are not "persons" under 42 U.S.C. § 1983.

Plaintiff's claims against Defendants in their official capacities are due to be dismissed for lack of subject matter jurisdiction, as such claims are barred by the Eleventh Amendment to the United States Constitution. Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Carr v. City of Florence, Ala., 918 F.2d 1521, 1525 (11th Cir. 1990) (holding a deputy sheriff sued in his official capacity is entitled to Eleventh Amendment immunity); Lancaster v. Monroe County, 116 F.3d 1419, 1430-31 (11th Cir. 1997) (extending Eleventh Amendment immunity to include jailers employed by county sheriffs).

In addition, the official capacities claim must fail because 42 U.S.C. § 1983 prohibits a *person*, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983 (emphasis added). The United States Supreme Court has held that state officials, in their official capacities, are not "persons" under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Because the Defendants in their official capacities are not "persons" under § 1983, claims against them in their official capacities fail to state a claim upon which relief can be granted. Therefore, any claims against Defendants in their official capacities fail. Id.; Carr v. City of Florence, Ala., 916 F.2d 1521, 1525 n.3 (11th Cir. 1990).

> **B.    Plaintiff's failure to comply with the Prison Litigation Reform Act bars the Complaint.**
>
> **1.    Plaintiff has failed to exhaust all Administrative Remedies.**

Under the Prison Litigation Reform Act ("PLRA"), an inmate is required to exhaust all administrative remedies before instituting an action under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a). The Plaintiff in this case has not utilized two separate and distinct administrative remedies available to him. First, the Plaintiff has not exhausted the grievance procedures provided at the Geneva County Jail. Plaintiff has not filed a grievance in regards to the allegations made the basis of his Complaint. Plaintiff obviously knew how to file a grievance at the Geneva County Jail, as he had filed 18 request forms during previous incarcerations. Second, the Plaintiff has not alleged that he pursued any grievance through the State Board of Adjustment. See Brown v. Tombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998) (requiring prisoners to affirmatively show that they have exhausted administrative remedies).

In addition to the grievance procedure at the local level, Alabama law provides the opportunity to file a claim and proceed before the State of Alabama Board of Adjustment pursuant to Ala. Code § 41-9-60. The Sheriff of Geneva County and his jailers are state officers and therefore would be entitled to sovereign immunity. See Lancaster v. Monroe County, 116 F.3d 1419, 1429 (11th Cir. 1998). Due to this immunity, the State of Alabama has provided an administrative remedy for the recovery of money damages through the State of Alabama Board of Adjustment.

As a result of Plaintiff's failure to exhaust these two remedies, he is barred from bringing this action under § 1997e(a). See Alexander v. Hawk, 159 F.3d 1321, 1326-27 (11th Cir. 1998) (affirming dismissal of prison action due to failure to exhaust administrative remedies).

      **2.**      **Plaintiff's claims are barred by the Prison Litigation Reform Act because he has not suffered any physical injury that is greater than de minimus as a result of the allegations in his Complaint.**

"No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . . In order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimis." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309 (11th Cir. 2002). There is no evidence that Plaintiff suffered any physical injury that is greater than de minimus as a result of any alleged constitutional violation. In fact, Plaintiff fails to allege that he suffered any injury as a result of allegedly being made to sleep on the floor, being housed in over-crowded conditions or showering in a shower that does not drain properly. Because Plaintiff has not made a showing of physical injury at all or one that is greater than de minimis, his Complaint is due to be dismissed.

      **C.**      **Plaintiff's claims against Defendants in their individual capacities fail based on qualified immunity because nothing in their conduct crossed a "bright line" contour of clearly established constitutional law.**

Defendants were acting within their discretionary authority as Sheriff and Jail Administrator of Geneva County during all times relevant to Plaintiff's Complaint because all their actions were taken in the furtherance of their duties. See, e.g. Holloman ex rel. Holloman v. Harland, 370 F.3d 1252 (11th Cir. 2004). Once a defendant has asserted the defense of qualified immunity and shown that he was acting within his discretionary authority, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged

show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)). The second inquiry is, if a constitutional violation is stated, were these rights "clearly established" to the degree that these Defendants had "fair warning" that their conduct violated the Plaintiff's constitutional rights? Willingham v. Loughnan, 321 F.3d 1299, 1301 (11th Cir. 2003).

In making an assessment of whether the particular conduct of Defendants was clearly established as being violative of constitutional dictates, the reviewing court must examine the state of law at the time the alleged deprivation occurred. See Rodgers v. Horsley, 39 F.3d 308, 311 (11th Cir. 1994). A constitutional right is clearly established only if its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); Lancaster, 116 F.3d at 1424. "In this circuit, the law can be 'clearly established' for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the state where the case arose." Jenkins v. Talladega Bd. of Educ., 115 F.3d 821, 827 (11th Cir. 1997) (en banc) (citations omitted).

Assuming, *arguendo*, that the Plaintiff could demonstrate a constitutional violation, he must still show that clearly established law provided the Defendants with fair warning that their conduct was unlawful. He may do so by either (1) pointing to a case with materially similar facts holding that the conduct engaged in was illegal; or (2) demonstrating that a pertinent federal statute or federal constitutional provision are specific enough to demonstrate conduct was illegal, even in the total absence of case law. Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted). The Eleventh Circuit has identified the latter method as an "obvious clarity" case. Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). In order to

show that the conduct of the Defendants was unconstitutional with "obvious clarity," "the unlawfulness must have been apparent." Willingham, 321 F.3d at 1301. "Unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

### 1. Defendants are entitled to qualified immunity on Plaintiff's medical claims.

In order to prevail under 42 U.S.C. § 1983 on his medical claim, Plaintiff must demonstrate that Defendants were deliberately indifferent to a serious medical condition. Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." Hudson v. McMillian, 503 U.S. 1, 9 (1992).

> A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. A prison or medical official may be held liable under the Eighth Amendment for actions with "deliberate indifference" to inmate health or safety only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Mere negligence does not suffice to prove deliberate indifference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("Deliberate indifference describes a state of mind more blameworthy than negligence."). Furthermore, where a prisoner has received medical attention and the dispute concerns the adequacy of the medical treatment, deliberate indifference is not shown. Hamm v. DeKalb County, 774 F.2d 1567 (11th Cir. 1985).

In the instant case, the evidence shows that the Plaintiff never requested medical attention for any alleged injury suffered from the allegations made in his Complaint. In fact, Plaintiff's Complaint is completely devoid of any claim that he was injured or in need of medical attention.

Clearly, Plaintiff has not shown that Defendants were in any way deliberately indifferent to any serious medical need. Based on the foregoing, it is clear that Defendants have not violated Plaintiff's constitutional rights. Further, Plaintiff cannot show that clearly established law provided Defendants with fair warning that their conduct was unlawful. Therefore, Defendants are entitled to qualified immunity on the Plaintiff's medical claim.

### 2. Defendants are entitled to qualified immunity on Plaintiff's Conditions of Confinement Claim.

In order to establish a conditions of confinement claim Plaintiff "must prove three elements: (1) a condition of confinement that inflicted unnecessary pain or suffering [constituting cruel and unusual punishment], (2) the defendant[s'] 'deliberate indifference' to that condition, and (3) causation." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (first element); Wilson v. Seiter, [502] U.S. [294, 303], 111 S. Ct. 2321, 2327, 115 L.Ed.2d 271 (1991) (second element); Williams v. Bennett, 689 F.2d 1389-90 (11th Cir. 1982) (third element). Whether a particular condition of confinement constitutes cruel and unusual punishment is an objective inquiry; whether jail officials were deliberately indifferent to that condition is a subjective inquiry. Wilson v. Seiter, 502 U.S. at 290.

In terms of the subjective component, "[t]o be deliberately indifferent, a [jail] official must knowingly or recklessly disregard an inmate's basic needs." LaMarca v. Turner, 995 F.2d at 1535. "[A] plaintiff must prove that the official possessed knowledge both of the infirm condition and of the means to cure that condition, 'so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it.'" Id. (quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985), cert. denied, 479 U.S. 816 (1986). There must be evidence that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be

drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 114 S. Ct. 1970, 1979 (1994). The Court equates the level of culpable intent required to the standard employed in the context of *criminal* recklessness prosecutions. Id. at 1979-80. No liability can be attributed to "an official's failure to alleviate a significant risk which he should have perceived but did not." Cottrell v. Caldwell, 85 F.3d 1480, 1491 (11th Cir. 1996). Plaintiff cannot show that Defendants have been deliberately indifferent to conditions at the Geneva County Jail. Deliberate indifference to an inmate's health or safety can only be shown if the defendants know that the inmate faces a substantial risk of serious harm and disregard the risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825 (1994).

Plaintiff has failed to allege or offer any evidence sufficient to sustain a claim that any of his allegations constituted cruel and unusual punishment. In this case, none of the conditions of which Plaintiff complains constitutes an excessive risk to Plaintiff's health or safety. Further, there is no evidence that jail officials disregarded any alleged risk. For example, the Defendants have been taking steps to remedy the situation with water standing in the shower. Where jail officials attempt to remedy constitutional short-comings but fail to do so, the official cannot be found to have been "deliberately indifferent" unless the official knew of but disregarded appropriate effective alternatives. LaMarca, 995 F.2d at 1536. It is clear from the evidence that Defendants acted according to established lawful policies and procedures with regard to all the Plaintiff's claims. Based on the foregoing, it is clear that Defendants have not violated Plaintiff's constitutional rights with respect to his conditions of confinement claim. Further, Plaintiff cannot show that clearly established law provided Defendants with fair warning that their

13

conduct was unlawful. Therefore, Defendants are entitled to qualified immunity on Plaintiff's conditions of confinement claim.

**D.     Plaintiff has failed to allege personal involvement as required by 42 U.S.C. §1983.**

The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by the defendants and the constitutional deprivation. <u>Swint v. City of Wadley</u>, 51 F. 3d 988 (11th Cir. 1995). The requisite causal connection may be shown by the personal participation of the defendant, a policy established by the defendant resulting in indifference to constitutional rights or a breach of a duty imposed state of local law which results in constitutional injury. <u>Zatler v. Wainwright</u>, 802 F. 2d 397 (11th Cir. 1986).

The Plaintiff has failed to allege that the Defendants were in any way personally involved in any alleged violation of Plaintiff's constitutional rights concerning any of the conditions of his confinement. Plaintiff has offered no allegation demonstrating that these Defendants were in any way involved in the actions he claims were constitutionally infirm. There are absolutely no facts – in fact, the Complaint is completely devoid of any claim against these Defendants -- to show that these Defendants personally participated in the claims made the basis of the Plaintiff's Complaint, nor does the Plaintiff allege specifically how these Defendants violated his constitutional rights. Further, Sheriff Ward has no knowledge concerning the specific allegations that make up the basis of Plaintiff's Complaint. As such, Plaintiff's claims are due to be dismissed against the Defendants.

To the extent that Plaintiff's claim against the Defendants is an attempt to hold them liable under a *respondeat superior* theory, his claims must similarly fail.

> [Supervisory] liability under § 1983 must be based on something more than a theory of *respondeat superior*. Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions and the supervising official and the alleged constitutional violation. The causal connection can be established when a

14

> history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged depravation, and he fails to do so.

Dolihite v. Maughon, 74 F.3d 1027, 1052 (11th Cir. 1996). There are absolutely no facts that show a causal connection between any action of the Defendants and the alleged constitutional violation. Therefore, Plaintiff's claims against the Defendants are due to be dismissed.

### E.   Summary Judgment Standard.

On a motion for summary judgment, the court should view the evidence in the light most favorable to the nonmovant. Greason, 891 F.2d 829, 831 (11th Cir. 1990). However, a plaintiff "must do more than show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Only reasonable inferences with a foundation in the record inure to the nonmovant's benefit. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000). "[T]he court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted or unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Reeves, 530 U.S. at 151, quoting 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, p. 299.[2] "A reviewing court need not 'swallow plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.'" Marsh v. Butler County, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc) quoting Massachusetts School of Law v. American Bar, 142 F.3d 26, 40 (1st Cir. 1998).

---

[2] Although Reeves was a review of a motion for judgment as a matter of law after the underlying matter had been tried, the Supreme Court, in determining the proper standard of review relied heavily on the standard for summary judgment stating, "the standard for granting summary judgment 'mirrors' the standard for judgment as a matter of law, such that 'the inquiry under each is the same.'" Reeves, 530 U.S. at 150, citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-251 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

15

## CONCLUSION

Defendants deny each and every allegation made by Plaintiff in his Complaint. Defendants have not acted in a manner so as to deprive Plaintiff of any right to which he is entitled.

## MOTION FOR SUMMARY JUDGMENT

Defendants respectfully request that this Honorable Court treat their Special Report as a Motion for Summary Judgment, and grant unto them the same.

Respectfully submitted this the 22nd day of February, 2006.

> s/C. Richard Hill, Jr.
> C. RICHARD HILL, JR. Bar No. HIL045
> Attorney for Defendant
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  rhill@webbeley.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 22nd day of February, 2006, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed a true and correct copy of the foregoing by United States Mail, postage prepaid, to the following non-CM/ECF participant:

> Michael Neal Duff
> Geneva County Jail
> P.O. Box 115
> Geneva, AL 36340-0115

> s/C. Richard Hill, Jr.
> OF COUNSEL